NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CENOBIA ALFARO, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 11-05463 (CCC) |
| v. | : | |
| | : | OPINION |
| CLIENT SERVICES, INC., | : | |
| Defendant. | : | |

CECCHI, District Judge:

## I.      INTRODUCTION

This matter comes before the Court by way of Defendant Client Services, Inc.'s ("Defendant") motion to dismiss Plaintiff Cenobia Alfaro's ("Plaintiff") Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court has considered the submissions made in support of and in opposition to the instant motion.[1]  No oral argument was heard. Fed. R. Civ. P. 78.  For the following reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice.

## II.      BACKGROUND

Plaintiff commenced this action by filing a Complaint on August 2, 2011, against Defendant in the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived.  *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

County alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Not. of Rem. Ex. A.)  On September 21, 2011, Defendant removed the action to federal court and filed this motion to dismiss on September 27, 2011.  Plaintiff opposes Defendant's motion.

In the Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(10), and 1692j(a).[2] (*Id.*)  The facts asserted in the Complaint are sparse; however, the general allegations of the Complaint are as follows: Plaintiff is a "consumer" and Defendant is a "debt collector" attempting to collect a "debt" within the meaning of the FDCPA. (*Id.* ¶¶ 4-6.)  On unspecified dates, Defendant sent Plaintiff two collection letters for two different balance amounts. (*Id.* ¶ 7.)  The letters, which are not attached as exhibits to the Complaint, stated that Plaintiff's account had been placed with Defendant "in a Prelegal status for payment in full." (*Id.* ¶ 12.)  The letters were nearly identical in all respects and differed only with regard to the balance amounts and reference numbers listed. (*Id.* ¶¶ 8-9.)  The letters did not contain original account numbers. (*Id.* ¶ 9.)  The Complaint asserts that the letters were "intended to be deceptive regarding the current debt ownership status of . . . the original creditor" and misrepresent "the amount owed, if indeed any debt exists." (*Id.* ¶ 13-14.)

III.   **LEGAL STANDARD**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court is required to accept as true all

---

[2] In section two of the opposition brief, Plaintiff attempts to expand on the Complaint by alleging a violation of § 1692e(3). The Complaint itself, however, does not include any such allegation. It is well established that party cannot amend his complaint in a brief submitted in opposition to a motion to dismiss. Federico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007). Accordingly, the Court will not consider this claim.

allegations in the complaint and to view all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). To survive a motion to dismiss, a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). The complaint need not provide detailed factual allegations, however, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, assuming that the factual allegations in the complaint are true, those "allegations must be enough to raise a right to relief above a speculative level." *Id.*

## IV.  DISCUSSION

### A.  § 1692e(2)(A)

Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector may not falsely represent "the character, amount, or legal status of any debt." In the Complaint, Plaintiff asserts that Defendant is liable for misrepresenting the amount of the alleged debt. Plaintiff does not state how much Defendant contends is owed, or the actual amount of the debt.[3] Instead, the Complaint merely concludes that Defendant "is misrepresenting the amount owed." (Not. of Rem. Ex. A ¶ 14.) The purpose of Rule 8 is to ensure that a defendant receives fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted). Here, Plaintiff presents no facts regarding the claim and simply concludes that Defendant is liable for violating

___
[3] The Complaint also raises the possibility that no debt actually exists. (Not. of Rem. Ex. A ¶ 14. ("Defendant Client Services, Inc. is misrepresenting the amount owed, if indeed any debt exists.")) This seems to contradict Plaintiff's earlier assertion that "Defendant attempted to collect a debt that falls within the definition of 'debt' for purposes of 15 U.S.C. § 1692a(5)." (*Id.* ¶ 6.) However, for the reasons stated above, regardless of whether a contradiction exists, Plaintiff's claim fails; therefore, the Court will not address this issue.

3

§ 1692e(2)(A). Accordingly, Plaintiff's claim is dismissed without prejudice for failure to state a claim upon which relief can be granted. *See Espinal v. West Asset Mgmt., Inc.*, Civ. No. 11-5799, 2011 U.S. Dist. LEXIS 136664 (D.N.J. Nov. 22, 2011) (dismissing similar claim on same grounds); *Pineda v. West Asset Mgmt., Inc.*, Civ. No. 11-5191, 2011 U.S. Dist. LEXIS 145973 (D.N.J. Dec. 20, 2011) (same).

   **B.      § 1692e(5)**

   15 U.S.C. § 1692e(5) prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).  Plaintiff claims that in each of the letters received, Defendant stated that Plaintiff's account had been placed with their organization "in a Prelegal status for payment in full." (Not. of Rem. Ex. A ¶ 12.)  Plaintiff alleges that Defendant's use of the term "pre-legal" implicitly threatened legal action when, in fact, no such action was contemplated.  In response, Defendant argues that the term "pre-legal" "is not akin to a representation the communication is from an attorney and CSI did not threaten to take any action which cannot legally be taken." (Reply Br. at 2.)  Defendant goes on to state that "CSI did not state it was a law firm or licensed to practice law in New Jersey.  The letter did not include any false or deceptive information.  The letter does not state the account has been assigned to an attorney or law firm or that a lawsuit has been filed." (*Id.*)

   To determine whether a debt collector's communications threaten litigation in a manner that violates the FDCPA, a court must analyze the language of the letters from the perspective of the least sophisticated consumer. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011); See *Forman v. Academy Collection Service, Inc.*, 388 F. Supp. 2d 199 (S.D.N.Y. 2005) (ruling that letter indicating a matter was in pre-legal status did not mislead even the least sophisticated consumer).  As stated previously, the facts asserted in the Complaint are sparse, and Plaintiff did

not attach copies of the letters as exhibits to the Complaint. Thus, the Court is unable to refer to the letters themselves to determine whether Defendant's words constitute a threat to take legal action. Moreover, the only text that Plaintiff cites to in support of the § 1692e(5) claim is the phrase "pre-legal status." It is not possible for the Court to discern whether Defendant's letter violated § 1692e(5) when Plaintiff pleads only a snippet of its contents and does not allege any facts in support of the claim. As such, the Complaint fails to set forth sufficient facts to support a claim under § 1692e(5). Plaintiff's § 1692e(5) is therefore dismissed without prejudice.

### C.    § 1692e(10)

Plaintiff asserts that Defendant is liable for violating 15 U.S.C. § 1692e(10) by failing to provide an account number and listing two differing balances. 15 U.S.C. § 1692e(10) prohibits the use of "deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Once again, Plaintiff fails to allege any facts to support the assertion that the letters were deceptive, nor does Plaintiff provide the actual amounts listed in the letters; instead, Plaintiff merely concludes that Defendant utilized deceptive tactics. As mentioned previously, the purpose of Rule 8 is to ensure that a defendant receives fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted). Here, Plaintiff presents no facts regarding the claim and simply concludes that Defendant is liable for violating § 1692e(10). Accordingly, Plaintiff's claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

### D.    § 1692j(a)

15 U.S.C. § 1692j(a) prohibits the use of collection forms that create the false impression that a third party, other than the creditor, is involved in the collection of the debt at issue. *Pineda v. West Asset Mgmt., Inc.*, Civ. No. 11-5191, 2011 U.S. Dist. LEXIS 145973, at *6 (D.N.J. Dec.

20, 2011) (citing *Orenbuch v. North Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 149-150 (E.D.N.Y. 2003)). "It is designed to address the abusive practice known as 'flat rating,' in which a collection agency sells to creditors 'dunning letters' bearing the agency's letterhead but is not actually involved in the collection of the debt, thus giving the debtor a misleading sense of urgency regarding payment." *Id.* In the Complaint, Plaintiff asserts that the collection letters received were written to deceive the consumer as to whether the original creditor FIA Card Services (FIA) still owned the debt in violation of § 1692j(a). Plaintiff, however, does not allege that Defendant had not actually been retained by FIA or that Defendant was otherwise not involved in the effort to collect the debt. As such, the Complaint fails to allege facts that could plausibly state a claim under § 1692j(a).[4] Plaintiff's § 1692j(a) claim is therefore dismissed without prejudice. See *id.* at *7 (holding it impossible to conclude that a letter stating that a debtor's account had been assigned to a collection agency "created the false impression that a party other than the creditor was attempting to collect the debt when such a person was not in fact participating"); see also *Pagan v. United Recovery Sys., L.P.*, Civ. No. 11-5994, 2010 U.S. Dist. LEXIS 2130, (Jan. 6, 2012) (dismissing § 1692j(a) claim on the same grounds as the instant case).

---

[4] In the opposition brief, Plaintiff attempts to expand on the § 1692j(a) claim by stating that upon information and belief, Defendant purchased the debt from FIA and that FIA was not involved the collection of the debt. Plaintiff alleges that the collection letter misled Plaintiff into falsely believing that FIA was involved in the collection of the debt in violation of § 1692j(a). (Pl. Br. at 1.) The Complaint itself, however, contains no such allegations. "Of course, it is well-established that a party cannot amend his complaint in a brief submitted in opposition to a motion to dismiss." *Pineda*, 2011 U.S. Dist. LEXIS 145973, at *8 (citing *Federico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007). "Moreover, even if such additional facts had been pled in the Complaint, the Court questions whether the Complaint would state a claim for violation of § 1692j(a), as this provision 'only applies to situations were [sic] a third party provides a creditor with dunning letters.'" *Id.* (quoting *Anthes v. Transworld Sys. Inc.*, 765 F. Supp. 162, 168 (D.Del 1991)).

6

## V.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's complaint is dismissed in its entirety without prejudice.   Since this Court cannot determine whether an amendment to the Complaint would cure the deficiency indicated above, this Court will not automatically grant Plaintiff leave to amend. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *see also Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (holding that leave to amend under Rule 15(a) should be freely given in the absence of any declared reason such as the futility of the proposed amendment). Instead, Plaintiff may file a motion for leave to amend the Complaint. The parties will be given the opportunity to brief the issue of whether the proposed amendment would be futile.  An appropriate Order accompanies this Opinion.


DATED:  April 5, 2012

CLAIRE C. CECCHI, U.S.D.J.